IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNN NIELSEN AS TRUSTEE FOR THE L-6 TRUST, a trust,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, a foreign company, AMERICAN HOME MORTGAGE SERVICING, INC. N.A., a Delaware corporation, ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, ARGENT SECURITIES, INC., a Delaware limited liability company, AMC MORTGAGE COMPANY, LLC, a foreign limited liability company, JAMES H. WOODALL, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, TO DISSOLVE PRELIMINARY INJUNCTION, AND TO RELEASE LIS PENDENS<br><br><br><br><br><br><br>Case No. 2:11-CV-818 TS |

This matter is before the Court on Defendants Deutsche Bank National Trust Company

("Deutsche") and American Home Mortgage Servicing, Inc.'s ("AHMSI") (collectively referred

1

to hereinafter as "Defendants") Motion to Dismiss, To Dissolve Preliminary Injunction and to Release Lis Pendens.[1]  For the reasons discussed more fully below, the Court will grant the Defendants' Motion.

## I.  BACKGROUND

A.    PROCEDURAL HISTORY

This case was previously filed in Utah state court on June 10, 2011.  On June 14, 2011, the state court granted Plaintiff a temporary restraining order directing the Defendants to desist and refrain from the eviction of the tenant occupying the property that is the subject of this action, or taking any other action to interfere with Plaintiffs use and enjoyment of said property.[2] This temporary restraining order appears to have subsequently been the basis for a preliminary injunction granting Plaintiff similar continued relief.[3]

On September 8, 2011, Defendants removed Plaintiff's state court action to this Court. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C § 1331, as Plaintiff's Complaint alleges claims that arise under federal law.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[1]Docket No. 4.  Defendants' Motion was previously filed in state court.  After removal to this Court, Defendants re-filed their Motion with the relevant briefing.

[2]*See* Docket No. 2-2, at 3.

[3]*See id.* at 4.

B.     FACTUAL BACKGROUND

In May of 2006, Plaintiff L-6 Trust allegedly conveyed title to real property located in Salt Lake City Utah to Plaintiff Lynn Nielsen.  On May 10, 2006, Plaintiff Nielsen signed a note (the "Note") in favor of Argent Mortgage Company in the principal amount of $132,000 and secured the Note with a deed of trust (the "Deed of Trust") against the subject property.  Plaintiff Nielsen alleges that simultaneous with the execution of the Deed of Trust she conveyed the subject property back to L-6 Trust.[4]

On March 4, 2009, Argent Mortgage Company assigned the beneficial interest in the Deed of Trust to Deutsche, as trustee of a securitization trust entitled "Argent Securities Inc. Asset-Back Pass-Through Certificates, Series 2006-M1."[5]  On October 7, 2010, James Woodall was named as successor trustee of the Trust Deed by Deutsche.  On September 13, 2011, Mr. Woodall recorded a Notice of Default.  In early May, 2011, Mr. Woodall served a notice of trustee's sale on Plaintiff Nielsen.

Separately, Plaintiff Nielsen alleges that in her personal capacity she executed a second Trust Deed Note concerning the subject property with AMC Mortgage Company, LLC as

---

[4]Though inconsequential to the result of this case, there is some confusion as to the relationship between Plaintiff Nielsen and the L-6 Trust with regard to ownership of the subject property.  For example, Plaintiff Nielsen alleges that in November of 2009 she once more executed a Trust Deed Note concerning the subject property in her "personal capacity."  These allegations cannot be read in harmony as Plaintiff Nielsen would have had no personal interest in the subject property to leverage in the second transaction if she had conveyed her interest back to the L-6 Trust.  The Court notes that the Notice of Trustee's Sale, attached as an exhibit to Plaintiff's Complaint, indicates that the record owner of the subject property as of the recording of Notice of Default is Lynn Nielsen, Trustee of the L-6 Family Trust.

[5]*See* Docket No. 4-3, at 22.

3

holder.[6]  Plaintiff Nielsen alleges that on April 11, 2011, she, on her own behalf, recorded a notice of rescission of the Trust Deed Note.  On April 15, 2011, Plaintiff Nielsen alleges that she served the notice of rescission on AMC Mortgage Company, LLC.

On May 11, 2011, a trustee's sale was held and Deutsche acquired the subject property for $101,250.  On June 1, 2011, Deutsche served on the subject property a "Notice of Foreclosure and Tenant's Rights under Federal Law."[7]  Pursuant to this notice, the occupant of the subject property was informed of Deutsche's acquisition of the property and instructed to vacate the premises.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[8]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face"[9] and the court is not required to accept "conclusory allegations without supporting factual averments."[10]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to

---

[6]The Court would note that while AMC Mortgage has been named as a Defendant in this case, it does not appear that service of process has been effectuated on AMC Mortgage.  Thus, AMC Mortgage is not properly before this Court and is not a party to this case or, more specifically, this Motion.

[7]Docket No. 2-2, at 18.

[8]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[9]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10]*Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[12]  As the Tenth Circuit stated:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[13]

The Supreme Court provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[14]  In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[16]  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

---

[11]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12]*Twombly*, 550 U.S. at 570.

[13]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[14]129 S. Ct. 1937 (2009).

[15]*Id*. at 1949 (citing *Twombley*, 550 U.S. at 555).

[16]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[17]*Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[18]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19] Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[20]

---

[18]*Id.* at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[19]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[20]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

III.  DISCUSSION

Plaintiff's Complaint contains the following three causes of action: (1) quiet title; (2) wrongful foreclosure against Defendant Deutsche; and (3) wrongful foreclosure against Defendant Woodall.[21]

A.      QUIET TITLE

Plaintiff's quiet title cause of action contains an amalgamation of conclusory statements Plaintiff asserts entitle her to a judicial declaration that title to the subject property is vested in L-6 Trust alone.  In her Memorandum in Opposition, Plaintiff clarifies that her quite title claim is based on rescission under the Truth In Lending Act ("TILA") as found in 15 U.S.C. §§ 1635 and 1641.[22]

Section 1635 provides a right of rescission as to certain consumer credit transactions. Relevant to this discussion, § 1641 provides that: "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation."

---

[21]The Court notes that Mr. Woodall is named as a Defendant in this case, however, it appears that Mr. Woodall has never been properly served and therefore has not appeared in this matter.

[22]Plaintiff appears to abandon her claim that: "Because the Trust Deed has been split from the Trust Deed Note, the former is a nullity and should be stricken from the chain of title." Docket No. 2-2, at 10.  The Tenth Circuit and Utah Court of Appeals have both rejected variations of this split-note theory.  *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*,---F.3d---- , 2011 WL 6739431, at *6 (10th Cir. Dec. 23, 2011) (citing *Commonwealth Prop. Advocates v. Mortg. Elec. Registration Sys., Inc*., 263 P.3d 397, 399 (Utah Ct. App.), *cert. denied*, 268 P.3d 192 (Utah 2011)).  To the extent Plaintiff continues to assert a split-note claim, the Court will dismiss such as a matter of law.

Here, the Note and Deed of Trust that gave rise to the foreclosure action at issue were executed in May of 2006.  Plaintiff's Complaint contains no allegation that the Note and Deed of Trust at issue in this action were rescinded.  Plaintiff's only allegations relating to rescission involve a second note and deed of trust entered into in November of 2009.  Plaintiff Nielsen, on her own behalf, is alleged to have executed a second note and deed of trust in November of 2009.  This second note and deed of trust was executed to the benefit of AMC Mortgage Company, LLC.  Plaintiff Nielsen alleges that she subsequently rescinded this note on April 11, 2011, and served a notice of rescission on AMC Mortgage Company.

While Plaintiff Nielsen may have properly rescinded the AMC Mortgage Company note and deed of trust,[23] such action has no effect on the validity of the foreclosure and sale of the subject property pursuant to the 2006 Note and Deed of Trust.

Furthermore, any attempt, in April of 2011, to rescind the Note and Deed of Trust at issue in this action necessarily fails under the statute of repose applicable to § 1635.  Section 1635(f) states that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  Here, the transaction was consummated in May of 2006.  Thus, Plaintiff's right of rescission expired in May of 2009, well before the alleged rescission in 2011.[24]

---

[23]The Court is not to be interpreted in any way to speak to the validity of the alleged rescission of the AMC Mortgage Company note and deed of trust.

[24]*See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

In sum, the Court finds that Plaintiff has failed to alleged any facts to support a claim that the Note and Deed of Trust were rescinded.  Because Plaintiff's quiet title claim is premised on the asserted rescission of the Note and Deed of Trust, such claim necessarily fails.

B.    WRONGFUL FORECLOSURE

Plaintiff's second and third causes of action both assert that the foreclosure of the subject property was invalid because Defendants Deutsche and Woodall lacked authority to act as trustees under Utah Code Ann. §§ 57-1-21(3) and 57-1-23.

Section 57-1-21(3) states that a non-judicial power of sale "may only be exercised by the trustee of a trust deed if the trustee is qualified under Subsection (1)(a)(i) or (iv)."  Subsection (1)(a)(i) and (iv) provide that the trustee of a trust deed shall be:

> (i) any active member of the Utah State Bar who maintains a place within the state where the trustor or other interested parties may meet with the trustee to: (A) request information about what is required to reinstate or payoff the obligation secured by the trust deed; (B) deliver written communications to the lender as required by both the trust deed and by law; (C) deliver funds to reinstate or payoff the loan secured by the trust deed; or (D) deliver funds by a bidder at a foreclosure sale to pay for the purchase of the property secured by the trust deed;
> . . .
> (iv) any title insurance company or agency that: (A) holds a certificate of authority or license under Title 31A, Insurance Code, to conduct insurance business in the state; (B) is actually doing business in the state; and (C) maintains a bona fide office in the state.

Section 57-1-23 further instructs:

> The trustee who is qualified under Subsection 57-1-21(1)(a)(i) or (iv) is given the power of sale by which the trustee may exercise and cause the trust property to be sold in the manner provided in Sections 57-1-24 and 57-1-27, after a breach of an obligation for which the trust property is conveyed as security; or, at the option of the beneficiary, a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property. The power of sale may be exercised by the trustee without express provision for it in the trust deed.

In the instant action, Plaintiff alleges that Defendant Deutsche violated these provisions by initiating a foreclosure sale against the subject property.  Specifically, Plaintiff alleges that Defendant Deutsche is not a member of the Utah State Bar or a title company and did not hold the power of sale and thus performed the foreclosure illegally.  Plaintiff asserts that Mr. Woodall did not have the power of sale because: "Upon information and belief, at the time Defendant Woodall served the Notice of Sale upon Lynn Nielsen, Defendant Woodall was not the trustee of record under the Trust Deed."[25]

Plaintiff fails to state a claim against Defendant Deutsche based on the Utah Code Sections, because it is clear from the allegations of Plaintiff's Complaint and the documents referenced in the Complaint that Defendant Deutsche did not conduct a trustee's sale.  Plaintiff's claims against Mr. Woodall also fail, as the referenced documents demonstrate that Mr. Woodall was the trustee of record at the time of the trustee's sale.  Therefore, the Court will dismiss Plaintiff's second and third causes of action as a matter of law.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion to Dismiss, To Dissolve Preliminary Injunction and to Release Lis Pendens (Docket No. 4) is GRANTED.  Plaintiff is ORDERED to release the lis pendens filed in this case.  The Clerk of Court is instructed to close this case forthwith.

---

[25]Docket No. 2-2, at 12.

DATED   April 9, 2012.

BY THE COURT:


_____
TED STEWART
United States District Judge